FRUDIGER ET AL., APPELLEES, *v.* THE NATIONAL LIFE & ACCIDENT INS. CO., APPELLANT.

(No. 3885—Decided May 18, 1942.)

*Messrs. Cline & Bischoff*, for appellees.
*Messrs. Reams, Bretherton & Neipp*, for appellant.

CARPENTER, J. Plaintiffs were the beneficiaries in a policy of industrial insurance on the life of their nine-year old daughter. It was dated February 5, 1940, and premiums were paid to June 10, 1940. The insured died March 22, 1940. Proof of claim was duly filed and rejected. The petition pleaded and the answer admitted these facts. A separate defense alleged a provision in the policy that the defendant would be liable only for premiums paid if the insured was "not in sound health on the date hereof," and that on February 5, 1940, she was "suffering from malignant cancer."

The verdict and judgment were for plaintiffs for the face of the policy, and defendant appealed on questions of law.

The material errors assigned all relate to the refusal of the court to charge correctly the effect of the "sound health" provision of the policy, and its refusal to submit the interrogatory, "Did Phyllis Frudiger have a malignant tumor on February 5, 1940?"

The following facts were undisputed:

On January 22, 1940, plaintiffs applied for the insurance. On January 30th, insured was examined by a physician on her complaint of soreness in her left side and was ordered to a hospital for observation where she was confined from February 1st to the 7th, but there was no evidence that during that time she was suffering from any illness or that her health was in any way then impaired. On February 5th the policy was dated, and on the 10th it was delivered to plaintiffs. On February 21st insured was again ordered to the hospital by her physician, and on February 24th the plaintiffs were told by the doctor that she had a ma-

lignant tumor on the spleen, a fast-spreading cancer, from which she died on March 22, 1940.

Plaintiffs, who were the only witnesses, testified that they did not know and were not told that anything afflicted the child until February 24th, and so far as they knew she was in sound health on February 5th; that when she returned home from the hospital on the 7th she acted and played about as usual, but did not go to school; and that her teacher came to the home and instructed her.

The sole fact issue was whether the insured was in sound health February 5, 1940. On this the defendant had the burden of proof. *Mumaw* v. *Western & Southern Life Ins. Co.*, 97 Ohio St., 1, 119 N. E., 132; *Prudential Ins. Co.* v. *Zimmer*, 97 Ohio St., 14, 119 N. E., 136.

As the proof stood before the jury, there was no evidence to support the defense. The jury might have surmised and this court might surmise, that the fast-spreading cancer that was reported on February 24th was present on the 5th or even on January 30th when she was first ordered to the hospital, but only a medical witness could do more than surmise such conclusion. The attending physician was called but the privilege objection precluded him from testifying, and no other medical witness was called by defendant.

There having been no evidence to support the defense, the court, had it been. asked, could very well have directed a verdict for the plaintiffs. Such being the case, it was immaterial what the jury was charged, and it had no evidence .from which it could have answered the interrogatory. No prejudice resulted from these things and the judgment is affirmed.

*Judgment affirmed.*

OVERMYER and LLOYD, JJ., concur.